CHARLES M. K. PAULISON and ANNA PAULISON, his wife,
appellants,

and

JOHN H. VAN IDERSTINE, respondent.

Where neither the deed nor the mortgage for lands sold showed any
division of the tract into lots, and the respondent testified, also. that
the sale was in gross,—*Held,* that a claim by the appellant for the
reformation of the instruments, made nearly six years afterwards, on
the ground that the tract contained fourteen lots more than she then
supposed, could not be sustained.

On appeal from a decree of the chancellor, reported in
*Paulison* v. *Van Iderstine,* 1 *Stew.* 306.

*Mr. John C. Paulison,* for appellant.

*Mr. John R. Emery,* for respondent.

WOODHULL, J.

The appellants, who were complainants in the court
below, filed their bill setting forth, amongst other things,
that Mrs. Paulison, being seized in her own right, in fee, of
a certain tract of land and premises in the city of Passaic,
on or about the 3d day of March, 1869, through the said C.
M. K. Paulison, as her agent, bargained and agreed with
Van Iderstine, the defendant below, to sell and convey to
him, and the said Van Iderstine agreed to purchase of her,
the said tract of land and premises, upon the following
terms, viz. : That the price and value of said property should
be $350 per city lot of 'twenty-five hundred square feet, for
as many of said lots as said property contained, and that
said Van Iderstine should pay $350 for each said city lot of
twenty-five hundred square feet; certain property of Van
Iderstine to be taken in part payment at an agreed valua-
tion, and the balance of the purchase-money, whatever that

Paulison *v.* Van Iderstine.

might be, to be secured by mortgage on the premises to be
conveyed to him by the complainants; that, in pursuance of
this agreement, the said premises were conveyed by the
complainants to Van Iderstine, but, by a wrong description,
in that the fourth and sixth bounding lines were stated to
be respectively five hundred and eight feet and six-tenths,
and three hundred and thirty-nine feet and six-tenths, in
length, when, in fact, the length of the fourth line was seven
hundred and six feet and one-tenth, and, of the sixth line,
five hundred and thirty-two feet and eight-tenths; that the
erroneous measurements called for in the said description
were taken from a certain map which, at the time of the
agreement, was supposed to be correct, and from which the
complainants obtained the measurements which formed the
basis of their computation of the number of city lots to be
conveyed, and the amount of the purchase-money; that,
being misled by the erroneous figures marked upon the said
map, indicating the length of the fourth and sixth lines
bounding the said tract, the complainants estimated the
number of city lots contained therein to be thirty-one,
whereas, by the true measurement, it contained about forty-
five; that the mortgage given by the defendant for the
estimated balance of the purchase-money fell short of the
true balance by the sum of $4,900, the price of fourteen
city lots at $350 per lot; and that, in order to carry out the
understanding and intent of the parties, the amount named
therein should have been $12,000 instead of $7,100.

The bill claims that the difference between these two
sums—viz., $4,900—is justly and equitably due to the com-
plainant Mrs. Paulison; and the relief prayed for is, in sub-
stance, that the defendant may be decreed to pay to her the
the said sum of $4,900, with legal interest from the 3d
day of March, 1869.

The defendant, on the other hand, denies that he ever
entered into any such contract or agreement as that alleged
in the bill. He insists and testifies that the sale in question
was a sale of a tract with known and well-defined bounda-

ries, for a gross sum. The deed and mortgage contain no reference to city lots, and seem plainly to indicate a sale of an entire tract for a sum in gross. The same is true of an unexecuted agreement in writing, drawn by the direction of Mr. Paulison, and admitted by him to contain the terms of the actual contract between himself and the defendant. The case made by the bill is one which appeals strongly to the favorable consideration of a court of equity. If the terms of the contract between these parties were, in fact, such as the complainants allege, the conveyance to Van Iderstine, and his mortgage to the complainant Mrs. Pauli-son, do not truly represent the understanding and intention, either of those who executed, or of those who received them. In order to do this, the price of fourteen additional city lots, at $350 per lot, should have been added to the consideration named in the deed, and to the amount secured by the mortgage.

The theory of the complainants is, that this would have been done when those instruments were executed, if the parties had then known that the true contents of the tract of land in question were forty-five, and not thirty-one, city lots. Their request, therefore, is, in effect, that a court of equity will treat the instruments referred to as reformed in accordance with the true intention of the parties, and will aid them in collecting from the defendant the difference between the amount of purchase-money paid by him and that which, by his contract, he is bound to pay.

The objection of laches seems to have no application to the case as stated and understood by the complainants. Their suit is brought, not to rescind, but to enforce a contract. Its object is simply to recover an unpaid balance of purchase-money. In such a case, no reason is perceived why any delay in bringing the suit, short of the statutory limit, should bar a recovery. Lapse of time, however, must necessarily affect the determination of every case in which a contract is sought to be proved by oral testimony alone, and this is especially true as applied to a case like the pres-

ent, where the contract attempted to be established varies from that which the parties themselves have expressed or plainly indicated in writing. In such a case, any considerable delay in pursuing the proper remedy is always dangerous, and may be fatal.

By allowing almost six years to elapse before filing their bill, the complainants have chosen to encounter this danger. Having founded their claim upon an express contract, they are bound to establish it by some preponderance of proof. This, in my judgment, they have failed to do. The decree of the chancellor is therefore affirmed, with costs.

Decree unanimously affirmed.